# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

 v.            **Case No. 08-CR-238**

**WILLIAM THOMAS**
  **Defendant.**

## SENTENCING MEMORANDUM

Under the Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) and <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), in imposing sentence on a criminal defendant the district court must first correctly calculate the advisory sentencing guideline range. Then, after giving the parties an opportunity to argue for their desired result, the court must determine an appropriate sentence based on all of the factors set forth in 18 U.S.C. § 3553(a):

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

 (2) the need for the sentence imposed–

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 (3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

While the court must give respectful consideration to the guidelines' recommendation in determining a sufficient sentence, it may not presume that the guideline sentence is the correct one. Gall, 128 S. Ct. at 596-97; Rita, 127 S. Ct. at 2465. Further, the court may in considering the guidelines' recommendation question whether, when it adopted the guideline, the Sentencing Commission fulfilled its "characteristic institutional role." Kimbrough, 128 S. Ct. at 563. As is now well-known, the original Commissioners could not agree on which of the purposes of sentencing should predominate, and they therefore purported to base the guidelines "primarily upon typical, or average, actual past practice." See Stephen Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest, 17 Hofstra L. Rev. 1, 17 (1988). Commentators have questioned the Commission's methods of calculating average, past sentences, see, e.g., Kate Stith & Jose A. Cabranes, Fear of Judging 60-61 (1998); Morris E. Lasker & Katherine Oberlies, The Medium or the Message? A Review of Alschuler's Theory of Why the Sentencing Guidelines Have Failed, 4 Fed. Sent'g Rep. 166, 167 (1991), as well as the Commission's decision to depart from past practice in favor of

2

harsher sentences for many federal crimes, see, e.g., Joseph W. Luby, Reining in the "Junior Varsity Congress": A Call for Meaningful Judicial Review of the Federal Sentencing Guidelines, 77 Wash. U. L.Q. 1199, 1221 (1999); Louis F. Oberdorfer, Lecture: Mandatory Sentencing: One Judge's Perspective-2002, 40 Am. Crim. L. Rev. 11, 15 (Winter 2003).

Nevertheless, the Supreme Court has stated that guidelines based on the Commission's "empirical approach" may "insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Rita, 127 S. Ct. at 2464-65; see also Gall, 128 S. Ct. at 594. Likewise, the Court has suggested that guidelines based on Commission expertise or study may be entitled to greater respect. See Kimbrough, 128 S. Ct. at 574. On the other hand, the Justices have made clear that district courts may reject the advice of guidelines not so based, even in a mine-run case. See Spears v. United States, No. 08-5721, 2009 WL 129044, at *2 (U.S. Jan. 21, 2009). The district court is also free to conclude, based on the nature of the offense and/or the character of the defendant, that the guideline sentence is greater than necessary to satisfy the purposes of sentencing in the particular case. See Gall, 128 S. Ct. at 601-02.

In the instant case, defendant William Thomas pleaded guilty to attempted distribution of a small amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), based on his participation in a drug deal thwarted by law enforcement. I ordered a pre-sentence report ("PSR") and set the case for sentencing. The PSR set a base offense level of 22 under U.S.S.G. § 2D1.1(c)(9), then subtracted 2 levels based on defendant's minor role, U.S.S.G. § 3B1.2(b), and 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 17. Based on two prior convictions, the PSR assigned a criminal history category of II, producing an imprisonment range of 27-33 months under the sentencing guidelines. Neither side objected

to these calculations, which I found correct and adopted accordingly.

At the sentencing hearing, the government advocated a prison sentence at the low end of the guideline range, while defendant requested a sentence of probation. Upon consideration of all of the relevant factors, I concluded that while some imprisonment was necessary in this case, a term below the range would suffice.

An informant working with the government contacted defendant, who agreed to middle a deal for 10 ounces of cocaine between the informant and a Texas source. On October 23, 2004, agents arrested defendant and the two men who delivered the drugs in a store parking lot, seizing 364 grams of cocaine. Defendant cooperated with authorities at the scene, describing his role in the transaction. The other men, who were apparently prosecuted in state court, did not cooperate. The government agreed that defendant's role in the transaction was minor – he simply brokered the deal.

Defendant indicated, both to the PSR writer and during his allocution, that he regretted his conduct, which was motivated by poor financial circumstances. He also indicated that in the years following his involvement in this matter he had made an effort to focus on work and family, leaving the drug world behind.

At age forty-six, defendant had a limited prior record – a battery from 1984 and a possession with intent to deliver case from 1997. He admitted gang involvement as a teen, but nothing recent. He joined the Army in 1980 and received an honorable discharge. Thereafter, he compiled a decent employment record, and the managers at his current job spoke highly of him. Defendant was married, with three adult children, and his wife described him as kind and hard working. I received other positive letters saying much the same. Defendant reported past drug use, but he did not appear to have a current problem.

4

As indicated above, the guidelines recommended that defendant served 27-33 months in prison. In considering this recommendation, I noted that the Sentencing Commission "departed from the empirical approach when setting the Guidelines range for drug offenses, and chose instead to key the Guidelines to the statutory mandatory minimum sentences that Congress established for such crimes." Gall, 128 S. Ct. at 594 n.2. The Commission did not at the time of adoption explain how this scheme furthered the purposes of sentencing or otherwise justify the recommended sentences by reference to past practice or other research or study, and sentences in drug cases have since increased far above pre-guideline practice. See U.S. Sentencing Commission, Fifteen Years of Guideline Sentencing 48-49, 53 (2004). Such guidelines, which do not take account of empirical data and national experience, and do not exemplify the Commission's exercise of its characteristic institutional role, are generally entitled to less respect. See Kimbrough, 128 S. Ct. at 575.

Turning to the specifics of this case, I noted first that defendant's role in the offense was minor and prompted by financial distress. He was not himself a dealer of significance; he simply brokered this one transaction. The guidelines provided for a 2 level minor role reduction, but given the guidelines' reliance on drug weight, which produced a base level of 22 in this case, that reduction did little to take account of defendant's lesser role in the crime.[1] I

---

[1] Commentators have long criticized the guidelines' heavy reliance on drug weight rather than the defendant's role in the offense. See, e.g., Jeffrey L. Fisher, When Discretion Leads To Distortion: Recognizing Pre-Arrest Sentence-Manipulation Claims Under The Federal Sentencing Guidelines, 94 Mich. L. Rev. 2385, 2401 n.78 (1996) (citing Douglas A. Berman, The Second Circuit: Attributing Drug Quantities to Narcotics Offenders, 6 Fed. Sent'g Rep. 247, 251 (1994) (questioning the wisdom of quantity-based sentences); Jon O. Newman, Five Guideline Improvements, 5 Fed. Sent'g Rep. 190, 190 (1993) (advocating abandonment of the "excessive reliance on the drug quantity table" in favor of a system that will "correlate drug sentences primarily with the defendant's role in the drug distribution system"); Deborah Young, Rethinking the Commission's Drug Guidelines: Courier Cases Where Quantity Overstates

5

further noted the lack of aggravation by violence, weapon possession or other harmful behavior. Given these circumstances, I did not see a need for a significant prison sentence to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). I also considered defendant's efforts at cooperation, and his other positive personal characteristics, including his solid work record and good conduct over the past few years. That is not a path a judge ordinarily wants to disrupt, and it suggested that the public did not need to be protected from this defendant. See 18 U.S.C. § 3553(a)(2)(C).

However, I also had to consider the need to deter, see 18 U.S.C. § 3553(a)(2)(B), which cut against defendant's argument for a non-custodial sentence. Defendant had a prior drug conviction, for which the court placed him on probation with a condition of four months in jail. That sentence did not suffice to deter him from returning to this conduct. The court must impose a sentence sufficient to satisfy all of the purposes of sentencing, and given defendant's record some period of confinement was needed to provide a sufficient measure of deterrence here.

Under all the circumstances, I found a total period of confinement of 10 months sufficient but not greater than necessary. I split that term into 5 months prison and 5 months home confinement as a condition of supervised release. Given the flaws in the applicable guideline and the particular facts of the case discussed above, this sentence created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

Therefore, I committed defendant to the custody of the Bureau of Prisons for 5 months,

---

Culpability, 3 Fed. Sent'g Rep. 63, 64 (1990) (pointing out the necessity of more fully considering the offender's role in the criminal enterprise, and arguing that the role-in-offense provision does little to remedy this injustice)).

6

followed by three years of supervised release.  As conditions of supervision, I ordered defendant to avoid drugs, possess no firearms or dangerous weapons, and serve 150 consecutive days of home confinement.  Other terms and conditions of the sentence appear in the judgment.

      Dated at Milwaukee, Wisconsin, this 24th day of January, 2008.

                                       /s Lynn Adelman
                                         _____
                                         LYNN ADELMAN
                                         District Judge